ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHEN G. WOLFE (State Bar No. 116400)
Assistant United States Attorney
    United States Attorney's Office
    312 N. Spring Street, Suite 1500
    Los Angeles, California  90012
    Telephone: (213) 894-7408
    Facsimile: (213) 894-3713
    E-mail: Steve.Wolfe@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CR 11-72-9-DDP |
|---|---|---|
| Plaintiff, | ) | <u>GOVERNMENT'S REPLY MEMORANDUM FOR DETENTION</u> |
| v. | ) | |
| | ) | Hearing: March 31, 2011 |
| ROMAN TEROGANESYAN, | ) | Time:    11:00 a.m. |
| Defendant. | ) | |

    Plaintiff United States of America hereby replies to defendant's Opposition, docket number 848.

DATED: March __30__, 2011    Respectfully Submitted,

                                        ANDRÉ BIROTTE JR.
                                        United States Attorney
                                        ROBERT E. DUGDALE
                                        Assistant U. S. Attorney
                                        Chief, Criminal Division

                                      _____/s/_____
                                      STEPHEN G. WOLFE
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      United States of America

<u>Government's Reply to Defendant's Opposition</u>

Defendant has filed his Opposition to the Government's Appeal of Defendant's Pretrial Release, hereafter "Def. Oppo". (Dkt no. 848). The government hereby replies to three of the points made by defendant.

<u>Defendant lives beyond his legitimate income</u> - Defendant asserts that the government's evidence on this point "points to arguably unwise fiscal choices by the Teroganesyan family, but not to continuing criminal activity." (Def. Oppo. at 11). Defendant's papers offer no explanation for the paper sack of $10,700 cash which was found, pursuant to search warrant, in defendant's bedroom closet on February 16, 2011. (Government's Memo for Detention, Ex. 4 at 5 and 13). The government submits that the cash and other evidence presented indicates that defendant lives on illegal income, and is a danger to the community as a result.

<u>Defendant has long been an Armenian Power street gang member</u> - Defendant asserts that defendant "has made numerous efforts to disassociate himself with any prior gang activity, including having his tattoos removed "(Def. Oppo. at 1); defendant points to "his efforts to remove his tattoos and disassociate himself with any former gang associates" (Def. Oppo. at 10); and defendant offers a letter to prove that he has been having his tattoos removed. (Def. Oppo. at Ex. Q). "The significance of the tattoo removal cannot be overstated because it evidences Mr. Teroganesyan's efforts to distance himself from gang life." (Def. Oppo. at 11). It appears to the government that defendant is seeking to deceive defense counsel and the Court about the significance of his tattoo removal

efforts.

The government photographed defendant's tattoos after his arrest on February 16, 2011. True and correct copies of those photographs are attached hereto as Ex. A. Those photographs show that defendant is having <u>some</u> tattoos removed. Those tattoos appear very faded in the photographs. All of the faded tattoos are of naked female figures (Ex. A at 4-7). There is <u>no</u> fading of defendant's Armenian Power tattoo. (Ex. A at 2-3). The government submits that defendant has made no genuine effort to distance himself from gang life, as the evidence in the government's memorandum makes clear.

<u>Defendant violated his current parole term by frequently associating with his Armenian Power codefendants in this case</u> - Defendant continues to set great store by the March 1, 2011 letter of California Parol Agent A. Khan. (Def. Oppo. at 4-8 and Ex. A). The government has set out in its memorandum for detention the evidence that defendant violated his current state parole condition that forbids him to associate with Armenian Power members. (Govt. Memo for Detention at 5-6). The government has left a message for Parole Agent Khan in an effort to determine whether he stands by his letter of March 1, 2011, in view of the fact that state parole authorities took defendant into custody after he was released from custody in this case. No response has yet been received.

<u>Conclusion</u>

For the reasons stated herein and in the Government's Memorandum for Detention, dkt no. 815-1, the government submits that the release order should be vacated, and defendant detained.